618 N.W.2d 587 (2000)
John M. VINKLE, Deceased, by Georgia VINKLE, Personal Representative, Plaintiff-Appellee,
v.
EMMET COUNTY, Defendant-Appellant, and
Pinkerton Security & Investigation Services, The Home Insurance Company Silicosis, Dust Disease, And Logging Industry Compensation Fund, Defendants-Appellees.
Docket No. 115198, COA No. 210759.
Supreme Court of Michigan.
November 3, 2000.
By order of March 29, 2000, the application for leave to appeal from the July 9, 1999 decision of the Court of Appeals was held in abeyance pending the decision in Mudel v. Great Atlantic & Pacific Tea Co. (Docket No. 111702). On order of the Court, the decision having been issued on July 25, 2000, 462 Mich. 691, 614 N.W.2d 607 (2000), the application is again considered, and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we MODIFY the judgment of the Court of Appeals and REMAND the case to the Worker's Compensation Appellate Commission instead of to the Board of Magistrates as the Court of Appeals ordered. In all other respects, leave to appeal is DENIED.
MARILYN J. KELLY, J., dissents and states as follows:
The Court of Appeals remanded this case because it was an abuse of discretion to exclude the deposition of plaintiff's expert witness. The Court remanded to the magistrate because it was the magistrate who had made the error.
This Court modifies the Court of Appeals decision and remands to the Worker's Compensation Appellate Commission. However, the commission is not entitled to make its own factual findings unless presented with a record that allows it to do so intelligently. Mudel v. Great Atlantic & Pacific Tea Co., 462 Mich. 691, 711, 614 N.W.2d 607 (2000). Under M.C.L. § 418.861a(4); MSA 17.237(861a)(4), the "whole record" means "the entire record of the hearing including all of the evidence in favor and all the evidence against a certain determination." Because the deposition transcript that must be considered on remand has not yet been admitted into evidence, it cannot be part of the record. It would be impermissible speculation for the WCAC to make findings of fact on the basis of evidence not part of the record.
The magistrate is empowered to admit the deposition transcript and to reconsider the original award based on it. Therefore, the Court of Appeals decision to remand to the magistrate was appropriate and should *588 not be disturbed by this Court. Accordingly, I favor denying leave.
MICHAEL F. CAVANAGH, J., not participating.